UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DANIEL JIMENEZ DE LA CRUZ

v.                                    Docket Number:

WARDEN DANIEL MARTIN,
WYATT DETENTION FACILITY

## 42 U.S.C. SUBSECTION 1983

Daniel Jimenez De La Cruz, a detainee at the Wyatt Detention
Facility, Central Falls, Rhode Island commences this action against
Warden Daniel Martin of the Wyatt Detention Facility,pursuant
to 42 U.S.C. subsection 1983. The plaintiff alleges violations
of his right not to be subjected to cruel and unusual punishment.
U.S. Constitution Amendment VIII.

The plaintiff seeks damages and injuctive relief against
the defendant. The plaintiff also seeks the appointment of counsel.

## STATEMENT OF FACTS

The plaintiff provides this overview for the Court's convenience
and reserves the right to dispute any allegations by the defendant.
On April 7, 2019, at approximately 2PM, the plaintiff was assigned
to work in the kitchen as a cook. The plaintiff was issued rubber
outdoor work boots to wear in the kitchen. The plaintiff was carrying
a bag of potatoes and the "epoxy" floor was wet making it slippery
to walk on. The boots are not the appropriate type of footwear to
be worn in an indoor setting. As the plaintiff was walking past the
industrial sized kettle pots, the plaintiff slipped and the high

left boot became wedged under the spout of the kettle pot while boiling water was being released. An unknown detainee immediately turned off the spout, but that was too late as water was flowing into and out of the boot. The plaintiff waited more than 2 hours for the defendant to transport him to Rhode Island Hospital where the plainitff was treated for a partial "thickness burn" to the dorsal region of his left foot. The attending physician stated that the plaintiff needed to be treated monthly by the burn clinic for his second degree burn. The plaintiff has permanent scarring on his left foot and is in constant pain from the injuries he sustained.

## Legal Standards

42 U.S.C. subsection 1983 imposes civil liability on any person, acting under the color of law, who deprives another person of the rights and privileges secured by the Constitution and laws of the United States. Section 1983 is not the source of substantive rights but is, instead, a vehicle through which a plaintiff can vindicate their federal rights. Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

"A deliberate indifference claim consists of two components, objective and subjective." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). The objective prong requires that the inmate have an objectively serious medical condition. Id. ("objectively, the inmates medical condition must be 'serious'- one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easliy recognize the necessity for a doctor's attention." (quoting Iko v. Shreve, 535 F. 3d 225, 241 (4th Cir. 2008)).

2

The subjective prong requires that the prison official "knows of and disregards an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "A defendant's subjective knowledge can be proven 'through direct evidence of [his] actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence that[he] knew of a substantial risk from the very fact that the risk was obvious." Gordon v. Schilling, 937 F. 3d 348, 357(4th Cir. 2019)(Quoting Scinto v. Stransberry, 841 F. 3d 219, 226(4th Cir. 2016)).'[A] prison official's '[f]ailure to respond to an inmate's known medical needs raises an inference [of] deliberate indifference to thise needs."' Scinto, 841 F. 3d at 226 (quoting Miltier v. Boern, 896 F. 2d 848, 853 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837).

<u>Argument</u>

To begin, the defendant issued inadequate footwear (ie. rubber outdoor boots) which are slippery on wet epoxy surfaces which the kitchen floor is made out of to the plaintiff and required him to wear such footwear in the kitchen.

Due to the inadequate footwear, the plaintiff slipped and his left boot became wedged causing second degree burns to his foot. The plaintiff's left foot is in constant pain and the defendant failed to bring him to a specialist according to the appropriate treatement recommendations by the attending physician on April 7, 2019.

The plaintiff has permanent scarring on his left foot and seeks damages and injunctive relief.

## Conclusion

For the reasons, stated above, the plaintiff seeks damages and injunctive relief against the defendant. The plaintiff also seeks the appointment of counsel based on his claims.

Respectfully submitted,

Daniel Jimenez De La Cruz
Reg. No. 26003-014
Wyatt Detention Facility
950 High Street
Central Falls, RI. 02863

CERTIFICATE OF SERVICE

I, Daniel Jimenez De La Cruz, certify under penalty of perjury
that I have mailed a copy of the foregoing complaint under 42
U.S.C. subsection 1983 to the floowing persons by first class,
prepaid U.S Mail on this _12th_ day of January 2021.

Daniel Martin, Warden
Wyatt Detention Facility
950 High Street
Central Falls, RI. 02863

Clerk of the Court
U.S. District Court
1 Exchange Terrace
Providence, RI. 02903

Daniel Jimenez De La Cruz

FIRST-CLASS MAIL

neopost
01/12/2021
US POSTAGE $000.50⁰

ZIP 02863
041L11252843

FREE

Clerk of the Court
U.S. District Court
U.S. Courthouse
1 Exchange Terrace
Providence, RI. 02903

Daniel Jimenez De La Cruz
Reg No. 26003-014
Wyatt Detention Facility
950 High Street
Central Falls, RI. 02863