UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DANIEL JIMENEZ DE LA CRUZ,<br>    Plaintiff,<br><br>    v.<br><br>WARDEN DANIEL MARTIN,<br>DONALD W. WYATT DETENTION<br>FACILITY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 21-049-JJM-PAS<br>)<br>)<br>)<br>)<br>) |

## ORDER

Daniel Jimenez De La Cruz brings a Section 1983 claim against Warden Daniel Martin and the Donald W. Wyatt Detention Facility ("the Wyatt"), alleging that Defendants have shown deliberate indifference to his medical needs in violation of his rights under the Eighth Amendment of the United States Constitution. ECF No. 1. Defendants have moved to dismiss the claims brought against them. For the reasons stated below, Defendants' Motion to Dismiss is DENIED, ECF No. 5, and the Wyatt is substituted for the correct Defendant, the Central Falls Detention Facility Corporation.

## I.   BACKGROUND

Mr. De La Cruz is a detainee at the Wyatt Detention Facility in Central Falls, Rhode Island. He was assigned to work as a cook, for which he was issued rubber outdoor work boots to wear in the kitchen. According to Mr. De La Cruz, the boots "are not the appropriate type of footwear to be worn in an indoor setting." ECF No.

1 at 1.  In fact, they had previously been identified by the Wyatt's Chief of Support Services as needing to be replaced due to their danger in the kitchen.  ECF No. 9 at 2.  While on his shift wearing the boots, he slipped, and his left boot became wedged under the spout of an industrial sized kettle pot.   Although another detainee immediately turned off the spout, by that point Mr. De La Cruz's wedged boot was overflowing with boiling water released from the kettle.  After waiting more than 2 hours to be transported to Rhode Island Hospital, he was treated for a partial thickness burn.  ECF No. 1 at 1-2.  From the accident, he has permanent scarring on his left foot and is in constant pain, to the point where he cannot use his foot to walk, play sports, or engage in day-to-day activities without serious discomfort.  ECF No. 9 at 2.

Despite this, Mr. De La Cruz has been unable to access medical care for his wounds.  Following his accident, the attending physician stated that Mr. De La Cruz needs to be treated monthly by the burn clinic.  However, in the nearly two years since, he has only been brought to the clinic twice.  When he has sought care from the medical staff at the Wyatt, his complaints of pain and suffering "have fallen on deaf ears."  *Id.* at 1.  He has consistently been denied the burn clinic treatment prescribed by the attending physician, as well as relief for his daily pain.

Accordingly, Mr. De La Cruz brings this Section 1983 claim against the Wyatt and its Warden Daniel Martin.  He argues that Defendants have shown deliberate indifference to his medical needs, in violation of his rights under the U.S. Constitution.  ECF No. 1.

## II.   STANDARD OF REVIEW

Defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the claims brought against them.  To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must plead a "plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  Each complaint must have sufficient factual allegations that plausibly state a claim upon which relief can be granted.  This standard requires more than a recitation of elements and must allow the Court to draw a reasonable inference that a defendant is liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept plaintiffs' allegations as true and construe them in the light most favorable to the plaintiffs.  *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009).

Because Mr. De La Cruz proceeds *pro se*, his Complaint must be construed liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *see, e.g., Bohne v. Computer Assocs. Int'l, Inc.*, 514 F.3d 141, 144–45 (1st Cir. 2008) ("That he proceeded *pro se* might entitle him to some lenience in construing arguments that he did make . . . .").

## III.   DISCUSSION

Mr. De La Cruz brings his § 1983 claim under the Eighth Amendment.  He argues that the deliberate indifference shown by Defendants to his medical needs

violates his right not to be subjected to cruel and unusual punishment.[1]   Both Defendants move to dismiss, arguing that his claims fail to meet the necessary deliberate indifference standard, and are improperly made against both parties.

### Deliberate Indifference Claim

42 U.S.C. § 1983 "provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).  This includes the Eighth Amendment, which prohibits the "unnecessary and wanton infliction of pain" on imprisoned individuals.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Prison officials "must take reasonable measures to guarantee the safety of the inmates," and "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828, 832 (1994).

"Where a prisoner claims that his Eighth Amendment rights were violated by denial of access to proper medical care, he must prove that the defendants' actions amounted to deliberate indifference to a serious medical need . . . . In order to establish deliberate indifference, the complainant must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain."  *Braga v.*

---

[1] Based on his Complaint, it is unclear but seems unlikely that Mr. De La Cruz is a convicted inmate, which is required for protection under the Eighth Amendment. If this is the case, his claims implicate the Fourteenth Amendment instead, but need not alter this Court's analysis.  *Burrell v. Hampshire Cty.*, 307 F.3d 1, 7 (1st Cir. 2002) ("Pretrial detainees are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment; however, the standard to be applied is the same as that used in Eighth Amendment cases.").

*Hodgson*, 605 F.3d 58, 61 (1st Cir. 2010) (internal quotation omitted).[2] "The requisite state of mind may be manifested by the officials' response to an inmate's known needs or by denial, delay, or interference with prescribed health care." *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). "[P]laintiffs must show: (1) the defendant knew of (2) a substantial risk (3) of serious harm and (4) disregarded that risk." *Calderon-Ortiz v. LaBoy-Alvarado*, 300 F.3d 60, 64 (1st Cir. 2002).

Mr. De La Cruz's Complaint sufficiently alleges deliberate indifference to his medical needs.  Defendants have failed to appropriately respond to his known healthcare needs, by consistently denying him the burn clinic treatment he was prescribed.  Mr. De La Cruz notes his daily struggle with pain and discomfort completing simple tasks on his left foot – such a harm is serious, and an unsurprising outcome after nearly two years of medical neglect on a traumatic wound.  This neglect occurred despite his repeated complaints and pleas – which he regularly brought to medical staff at the Wyatt.  In sum, Mr. De La Cruz plausibly claims that Defendants knew of the substantial risks of serious harm to his left foot and disregarded them when refusing him access to treatment.  Therefore, his claims may proceed.

---

[2] Because "the State's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities . . . deliberate indifference [ ] constitute[s] wantonness."  *Wilson*, 501 U.S. at 302 (internal citations omitted).

*Potential Liability of Defendants*

In their Motion to Dismiss, Defendants argue that they are both improper targets for Mr. De La Cruz's suit.  Citing the First Circuit, they note that the Wyatt is not a suable entity and urge this Court to dismiss the party from suit.  ECF No. 5 at 6.  Here, they are correct – claims may not be brought against the facility.  *Girard v. Donald W. Wyatt Det. Facility Inc.*, 50 F. App'x 5, 6 (1st Cir. 2002) ("Wyatt is merely the name of the building in which Girard was detained, not a suable legal entity.").  Instead, Mr. De La Cruz's suit is more properly brought against the Central Falls Detention Facility Corporation, which operates the Wyatt.  Therefore, this Court will substitute the parties, and allow the suit to move forward against the Corporation.[3]

They next argue for Warden Martin's dismissal from the suit, claiming that Mr. De La Cruz fails to make sufficient allegations specific to him.  ECF No. 5 at 6.  In his response, Mr. De La Cruz notes that "the medical staff at the Wyatt . . . [is] run by the defendant Warden Martin."  ECF No. 9 at 1.  Defendants liken this to a claim of supervisory liability, which cannot be maintained in Section 1983 actions.  *Sanchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir. 1996).  In doing so, they understate the Warden's potential liability for Mr. De La Cruz's disturbing treatment.

A government official may be held liable if "(1) the behavior of a subordinate results in a constitutional violation and (2) the official's action or inaction was 'affirmatively linked' to that behavior in that it could be characterized as . . . gross

---

[3] Fed.R.Civ.P. 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

negligence amounting to deliberate indifference." *Id.* (internal quotations omitted) (citing *Lipsett v. Univ. of Puerto Rico*, 864 F.2d 881, 902 (1st Cir. 1988)). "[I]ndifference that rises to the level of being deliberate, reckless or callous, suffices to establish liability under § 1983." *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989). Finally, the "affirmative link" requirement "contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." *Sanchez*, 101 F.3d at 227–28 (quoting *Hegarty v. Somerset County*, 53 F.3d 1367, 1380 (1st Cir. 1995)).

Mr. De La Cruz's Complaint contains sufficient plausible allegations to maintain Warden Daniel as a party to this suit. Mr. De La Cruz alleges that the behavior of his subordinates – the Wyatt medical staff – resulted in Mr. De La Cruz's alleged constitutional violation. The Warden's alleged inaction may be characterized as grossly negligent and sufficiently reckless to establish § 1983 liability. Mr. De La Cruz has gone for nearly two years without the medical treatment prescribed to him following a traumatic accident and has suffered daily consequences as a result. Further litigation will clarify liability, but for now it may be plausibly claimed that the Warden's inaction led inexorably to the claimed constitutional violation.

## IV. CONCLUSION

Mr. De La Cruz brings sufficient allegations for his claims of deliberate indifference to survive Defendants' Motion to Dismiss. Because the Wyatt is not a proper suable entity, it is dismissed from this suit, and replaced with the Central Falls Detention Facility Corporation, which operates the detention center.

Defendants' Motion to Dismiss is DENIED, ECF No. 5, and Mr. De La Cruz's claims may proceed against the Corporation and Warden Daniel.[4]

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

April 7, 2021

---

[4] In his Complaint, Mr. De La Cruz also requested the appointment of counsel. ECF No. 1 at 1.  The Court considers this request a Motion for Appointment of Counsel, and refers the motion to Magistrate Judge Sullivan.